IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOSE BECERRA, : 
              Petitioner, :
v. : Civil Action No. 18-866-RGA
ROBERT MAY, Warden, and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
              Respondents. :

## MEMORANDUM OPINION

Jose Becerra. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 7, 2021
Wilmington, Delaware


ANDREWS, UNITED STATES DISTRICT JUDGE:

Pending before the Court is Petitioner Jose Becerra's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and Amendment to Petition (collectively referred to as "Petition"). (D.I. 3; D.I. 9) The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 16; D.I. 23) For the reasons discussed, the Court will dismiss the Petition.

I. **BACKGROUND**

In June 2014, a Delaware Superior Court jury convicted Petitioner of two counts of first degree robbery, four counts of possession of a firearm during the commission of a felony ("PFDCF"), and one count each of aggravated menacing, second degree burglary, and second degree conspiracy. *See Becerra v. State*, 124 A.3d 1015 (Table), 2015 WL 5679648, at *1 (Del. Sept. 25, 2015). On September 19, 2014, the Superior Court sentenced Petitioner to twenty years at Level V incarceration, followed by six months at Level IV, followed by six years at Level III. *See id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentence on direct appeal. *See id.* at *2.

In October 2016, while represented by counsel, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. (D.I. 22-7 at 221-222) The Superior Court denied the motion, and the Delaware Supreme Court affirmed that decision on April 4, 2018. *See Becerra v. State*, 184 A.3d 341 (Table), 2018 WL 1638872, at *1 (Del Apr. 4, 2018).

II. **GOVERNING LEGAL PRINCIPLES**

A. **Exhaustion and Procedural Default**

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b);

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples,* 489 U.S. 346, 351 (1989). A federal legal claim is "fairly presented" to state courts when there is: "(1) reliance on pertinent federal cases employing constitutional analysis; (2) reliance on state cases employing constitutional analysis in like fact situations; (3) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; [or] (4) allegation of a pattern of facts that is well within the mainstream of constitutional litigation." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless,* 172 F.3d at 260; *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional

3

violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be

presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to "factual issues," whereas the unreasonable application standard of § 2254(d)(2) applies to "decisions").

## III.  DISCUSSION

Petitioner's timely filed § 2254 Petition asserts the following thirteen Claims for relief: (1) the trial court erred by permitting hearsay and irrelevant testimony to be entered during Petitioner's criminal proceeding (D.I. 3 at 5; D.I. 11 at 4-8); (2) the trial court erred by failing to *sua sponte* grant a judgment of acquittal at the close of the State's case (D.I 3 at 7; D.I. 11 at 1-2, 14); (3) Petitioner was arrested and his home was searched without warrants (D.I. 3 at 8; D.I. 9 at 7; D.I. 11 at 1-2, 14); (4) Petitioner's statement to police was unconstitutional because he was not read his *Miranda* rights, the officers tried to intimidate him, and he was under the influence of alcohol and drugs at the time (D.I. 9 at 7, 11, 15); (5) the trial court failed to provide Petitioner with an interpreter at every stage of his proceedings (D.I. 9 at 3); (6) Petitioner was not tried by a jury of his peers (D.I. 11 at 12); (7) Petitioner was denied his right to a speedy trial (D.I. 9 at 2, 11); (8) trial counsel provided ineffective assistance by failing to adequately meet with Petitioner and hire an interpreter to communicate with him (D.I. 9 at 9-10; D.I. 11 at 3-4); (9) trial counsel

5

provided ineffective assistance by failing to file a motion to suppress Petitioner's statement to police (D.I. 9 at 3); (10) trial counsel provided ineffective assistance by failing to object to the State's reference to Petitioner's self-incriminating statement during its opening statement (D.I. 9 at 8); (11) trial counsel provided ineffective assistance by communicating the State's plea offer to Petitioner by letter despite "knowing [that Petitioner] needed an interpreter" (D.I. 11 at 8-10; D.I. 23 at 6,8); (12) trial counsel suffered from a disability that prevented him from effectively representing Petitioner during the trial (D.I. 9 at 10; D.I. 11 at 4); and (13) the attorney who represented Petitioner on direct appeal and during his Rule 61 proceedings provided ineffective assistance by failing to retain an interpreter to facilitate communicating with Petitioner and for failing to argue that Petitioner's police statement should have been suppressed (D.I. 9 at 5; D.I. 11 at 11-13).

### A. Procedurally Barred Claims

#### 1. Claims One and Two

Petitioner presented the arguments in Claims One and Two to the Delaware Supreme Court on direct appeal. The Delaware Supreme Court, however, only reviewed the arguments for plain error under Delaware Supreme Court Rule 8, because Petitioner had not presented the arguments to the Superior Court during his criminal trial. By applying the procedural bar of Rule 8, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed*, 489 U.S. 255, 263-64 (1984) that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review absent a showing of cause for the default, and prejudice resulting therefrom, or

that a miscarriage of justice will occur if the claim is not reviewed. *See Campbell v. Burris*, 515 F.3d 172, 182 (3d Cir. 2008).

To the extent Petitioner's contention in Claim Twelve that trial counsel ineffectively represented him while suffering from a disability should be construed as an attempt to establish cause for his failure to raise Claims One and Two to the Superior Court during his trial, the argument is unavailing. Ineffective assistance provided by a trial and/or appellate attorney can only constitute cause for a procedural default if the petitioner establishes that counsel's ineffectiveness rose to the level of a Sixth Amendment violation. *See Murray*, 477 U.S. at 488. As explained later, Petitioner's allegation regarding trial counsel's disability does not establish that trial counsel provided constitutionally ineffective assistance while trial counsel was actually representing Petitioner. *See infra* at Section III.B.

In the absence of cause, the Court will not address the issue of prejudice. Moreover, the miscarriage of justice exception to the procedural default doctrine is inapplicable, because Petitioner has not provided any new reliable evidence of his actual innocence. Thus, the Court will deny Claims One and Two as procedurally barred.

### 2. Claims Three, Four, Five, Six, Seven, Nine, Ten, Eleven, Thirteen

The record reveals, and Petitioner appears to concede, that the freestanding claims for relief asserted in Claims Three, Four, Five, Six, and Seven are unexhausted because they were not presented to the Delaware Supreme Court on direct or post-conviction appeal, and the ineffective assistance of counsel allegations in Claims Nine, Ten, Eleven, and Thirteen are unexhausted because they were not presented to the Delaware Supreme Court on post-conviction appeal. (D.I. 23) At this juncture, any attempt by Petitioner to present the instant nine Claims in

7

a new Rule 61 motion would be time-barred under Rule 61(i)(1). *See DeAngelo v. Johnson*, 2014 WL 4079357, at *12 (D. Del. Aug. 15, 2014). Although Rule 61(i)(1) provides for an exception to the one-year time limitation if the untimely Rule 61 motion "asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final," no such right is implicated in the instant Claims  Similarly, the exceptions to Rule 61(i)(1)'s time-bar contained in Rule 61(i)(5) and (d)(2) do not apply to Petitioner's case, because he does not allege actual innocence, lack of jurisdiction, or that a new rule of constitutional law applies to the instant arguments.  Given these circumstances, the Court must treat Claims Three, Four, Five, Six, Seven, Ten, Eleven, Twelve, and Thirteen as exhausted but procedurally defaulted, meaning that the Court cannot review the merits of the Claims absent a showing of cause and prejudice or a miscarriage of justice.

Petitioner attempts to establish cause for his default by asserting that: (1) there was insufficient evidence to convict him; (2) trial counsel failed to retain an interpreter to communicate the plea offer to him and also provided ineffective assistance during plea negotiations (D.I. 23 at 7-8); and (3) trial counsel was transferred to inactive disability status on November 20, 2014 and substitute counsel (*i.e.*, the attorney who represented Petitioner on direct appeal and in his Rule 61 proceeding) changed the direction of the defense and failed to raise all of Petitioner's Claims on direct appeal or during the Rule 61 proceedings (D.I 9 at 3-4; D.I. 23 at 2-4, 6-8).

As an initial matter, Petitioner's contention that there was insufficient evidence to support his convictions does not establish cause for his default.  Simply stated, Petitioner has failed to

8

demonstrate how the alleged insufficiency of evidence prevented him from presenting the instant nine Claims to the Delaware Supreme Court on direct or post-conviction appeal.

Petitioner's attempt to establish cause by blaming both trial counsel's and appellate/post-conviction counsel's performances is similarly unavailing. Trial counsel's performance during plea negotiations (including the failure to retain an interpreter during that time) and trial counsel's placement on inactive disability status in November 2014 cannot excuse Petitioner's default of Claims Three through Seven, because neither of these actions amounted to constitutionally ineffective assistance. *See infra* at Section III.B. Petitioner's attempt to establish cause by blaming appellate counsel's failure to raise on direct appeal the freestanding claims for relief asserted in Claims Three through Seven also cannot establish cause, because Petitioner's ineffective assistance of appellate counsel allegations are themselves procedurally defaulted. *See Murray*, 477 U.S. at 488-89 (finding claim of ineffective assistance of counsel must be presented to state courts as independent claim before it may be used to establish cause for procedural default); *Kellum v. Pierce*, 24 F. Supp. 3d 390, 405 (D. Del. 2014).

In turn, to the extent Petitioner attempts to establish cause under *Martinez v. Ryan*, 566 U.S. 1, 16-17 (2012) by blaming post-conviction counsel's failure to raise the instant nine Claims in his Rule 61 proceeding, the attempt fails. In *Martinez*, the Supreme Court held that inadequate assistance or the absence of counsel during an initial-review state collateral proceeding may (under certain circumstances) establish cause for a petitioner's procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 12, 16-17. The Third Circuit has explained the application of *Martinez* in habeas cases:

> *Martinez* recognizes a narrow exception to the doctrine of procedural default: "Inadequate assistance of counsel at initial-

9

> review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." This exception is available to a petitioner who can show that: 1) his procedurally defaulted ineffective assistance of trial counsel claim has "some merit," and that 2) his state-post conviction counsel was "ineffective under the standards of *Strickland v. Washington*."

*Workman v. Sup't Albion SCI*, 915 F.3d 928, 937 (3d Cir. 2019). "To demonstrate that his claim has some merit, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.' " *Id.* at 938 (quoting *Miller-El*, 537 U.S. at 336). To demonstrate that post-conviction counsel's ineffectiveness caused the procedural default, a petitioner must show that post-conviction counsel's performance was deficient under the first prong of the *Strickland* standard, *i.e.*, "that his state post-conviction counsel's performance fell below an objective standard of reasonableness." *Workman*, 915 F.3d at 941.

Since *Martinez* can only apply to excuse the default of claims alleging ineffective assistance of trial counsel, Petitioner's allegation regarding post-conviction counsel's ineffectiveness does not excuse the procedural default of the freestanding claims for relief asserted in Claims Three through Seven or the default of his claims alleging the ineffective assistance of appellate counsel in Claim Thirteen. Post-conviction counsel's failure to raise the ineffective assistance of counsel arguments in Claims Nine, Ten, and Eleven also does not establish cause under *Martinez*, because Petitioner has failed to demonstrate that these Claims have some merit. For instance, Petitioner has not arguably shown that, under the circumstances (where Petitioner was *Mirandized* prior to providing his audio and videotaped police statement (D.I. 21-1 at 78)), trial counsel likely would have prevailed on a suppression motion (Claim

Nine). *See Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005). Nor has Petitioner arguably shown there is a reasonable possibility, under the totality of circumstances, that trial counsel likely would have prevailed had he objected to the State's reference to Petitioner's police statement at closing (Claim Ten).

In turn, Claim Eleven does not have "some merit," because the Court concludes that the manner in which trial counsel utilized an interpreter did not amount to constitutionally ineffective assistance. *See infra* at Section III.B. For these reasons, the Court concludes that Petitioner has not demonstrated cause for Claims Three, Four, Five, Six, Seven, Nine, Ten, Eleven, and Thirteen.

In the absence of cause, the Court will not address the issue of prejudice. Additionally, given Petitioner's failure to provide new reliable evidence of his actual innocence, Petitioner's procedural default cannot be excused under AEDPA's miscarriage of justice exception. Accordingly, the Court will deny Claims Three, Four, Five, Six, Seven, Nine, Ten, Eleven, and Thirteen as procedurally barred from federal habeas review.

**B. Claims Eight and Twelve Do Not Warrant Relief Under § 2254(d)**

In Claim Eight, Petitioner contends that trial counsel provided ineffective assistance by failing to adequately meet with him and hire an interpreter to communicate with him. (D.I. 9 at 9-10; D.I. 11 at 3-4) In Claim Twelve, Petitioner contends that trial counsel suffered from a disability that prevented counsel from effectively representing Petitioner. (D.I. 9 at 10; D.I. 11 at 4) The Superior Court denied these two claims as meritless, and the Delaware Supreme Court affirmed that decision "on the basis of and for the reasons stated in [the Superior Court's] September 6, 2017 order." *Becerra*, 2018 WL 1638872, at *1. Given these circumstances,

11

Claims Eight and Twelve will only warrant habeas relief if the Superior Court's decision[1] was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *See Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.*

Finally, in order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly

---

[1] *See Wilson v. Sellers*, 138 S. Ct. 1188, 1193-94 (2018) (reiterating that when a higher court affirms a lower court's judgment without an opinion or other explanation, federal habeas law employs a "look through" presumption and assumes that the later unexplained order upholding a lower court's reasoned judgment rests upon the same grounds as the lower court judgment); *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) (under the "look through" doctrine, "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").

demanding and leads to a strong presumption that the representation was professionally reasonable. *See Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the Court notes that the Superior Court correctly identified the *Strickland* standard applicable to Petitioner's ineffective assistance of counsel allegations. Consequently, the Superior Court's decision was not contrary to clearly established federal law. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court's inquiry is not over, however, because it must also determine if the Superior Court reasonably applied the *Strickland* standard to the facts of Petitioner's case. *See Harrington*, 562 U.S. at 105-06. When performing this inquiry, the Court must review the Delaware state courts' denial of Petitioner's ineffective assistance of counsel allegations through a "doubly deferential" lens. *Id.* "[T]he question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* When assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* And finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

Petitioner contends that trial counsel suffered from some type of disability that prevented him from effectively representing Petitioner, as evidenced by the fact that trial counsel was placed on inactive disability status in November 2014. The Superior Court reasonably applied *Strickland* in rejecting this argument because nothing in the record indicates that trial counsel was suffering from a disability at the time of Petitioner's representation. As the Superior Court noted, trial counsel did not request, and was not placed on, inactive status until months after Petitioner's trial had ended.[2]

The Superior Court also reasonably applied *Strickland* in denying Petitioner's argument that trial counsel was ineffective for failing to retain an interpreter to communicate with Petitioner. To begin, trial counsel explained during final case review that Petitioner could communicate in English without an interpreter. Trial counsel's statement is supported by the fact that Petitioner communicated with the police in English during his videotaped interview. Even so, trial counsel took proactive steps to request the services of an interpreter for the final case review and trial, and Petitioner utilized the interpreter to testify. Moreover, the Superior Court conducted colloquies with Petitioner through an interpreter on two occasions prior to trial to ensure he understood the pleas he had been offered and that he was ready to proceed to trial.[3]

---

[2] Trial counsel was transferred to disability inactive status because, in November 2014, the Delaware Supreme Court found he "is currently suffering mental or physical incapacity which prevents him from both the practice of law and the ability to assist in his defense of pending matters." *See In re Tease*, 2014 WL 7009930, at *1 (Del. Nov. 20, 2014).

[3] As explained by the Superior Court when denying the instant argument:

> Indeed, the record shows that [Petitioner] communicated with the police in English when he gave a statement to the police. That statement was videotaped and played to the jury without the aid of an interpreter.

14

Given this record, Petitioner cannot demonstrate that the manner in which trial counsel utilized the services of an interpreter constituted deficient performance or prejudiced him.

Looking through the doubly deferential lens applicable to ineffective assistance of counsel claims on federal habeas review, the Court concludes that the Superior Court did not unreasonably apply *Strickland* in denying Petitioner's arguments that trial counsel's alleged disability and placement on inactive status and the manner in which counsel used the services of

---

> Furthermore, [Petitioner] had the assistance of a court-certified interpreter prior to trial and at trial. During final case review, the State told the Court that it had a conversation with [Petitioner] who claimed that he did not know what his charges were and that he had never spoken with his attorney. This was immediately refuted by Trial Counsel.
>
> \*   \*   \*   \*
>
> [Petitioner] was then provided a private room where he could speak with his Trial Counsel, through an interpreter, to discuss the charges he was facing and to help him better understand the plea offer. Upon returning to the court room, [Petitioner] told the Court, through the interpreter, that he understood [the plea offer].
>
> \*   \*   \*   \*
>
> [Petitioner] did not bring to the Court's attention any communication barriers or trial preparation problems.
>
> Additionally, immediately prior to the start of trial, [Petitioner] (who had two interpreters at trial), told the Court that he was ready for trial, that he understood that he was there for trial, and that the State [had] made a final extremely favorable plea offer of nine years jail time. Trial Counsel also explained to [Petitioner] (through an interpreter) that, if he rejected the offer and went to trial, [Petitioner] would be facing a minimum of twenty-two years in prison and a maximum of one hundred and eighty-five years.

(D.I. 22-6 at 36-43)

an interpreter amounted to constitutionally ineffective assistance. Accordingly, the Court will deny Claims Eight and Twelve.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## V.   CONCLUSION

For the reasons discussed, the Court will deny the Petition without holding an evidentiary hearing.

An appropriate Order will be entered.